CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GUSTAVO MANUEL LLIGUICHUZHCA,          :     Case No. 17-
CARLOS ALEJANDRO-PERAL, and            :     CV-166
MARCOS ALONSO REYES, on behalf of themselves  :
and others similarly situated,         :
                                       :
                    Plaintiffs,        :
                                       :     FLSA
        -against-                      :     COLLECTIVE
                                       :     ACTION and RULE
319 WEST 51ST ST. RESTAURANT, INC. d/b/a  :     23 CLASS ACTION
MARIA PIA, BKUK1 CORPORATION d/b/a MARIA  :     COMPLAINT
PIA, BESIM KUKAJ, and MARCELLO COELLO, :
                                       :
                    Defendants.        :     **Jury Trial**
-------------------------------------------------------------------X     **Demanded**

Plaintiffs GUSTAVO MANUEL LLIGUICHUZHCA, CARLOS ALEJANDRO-

PERAL, and MARCOS ALONSO REYES ("Plaintiffs"), on behalf of themselves and

other similarly situated employees, by and through their undersigned attorneys, Cilenti &

Cooper, PLLC, file this Complaint against defendants 319 WEST 51ST ST.

RESTAURANT, INC. d/b/a MARIA PIA ("MARIA PIA"), BKUK1 CORPORATION

d/b/a MARIA PIA ("BKUK1") (collectively referred to herein as the "Corporate

Defendants"), BESIM KUKAJ, and MARCELLO COELLO (collectively referred to

herein as the "Individual Defendants") (the Corporate Defendants and the Individual

Defendants are collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid "gap-time" wages, (c) unpaid overtime compensation, (d) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, (e) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.    Plaintiff, GUSTAVO MANUEL LLIGUICHUZHCA, is a resident of Bronx County, New York.

6.    Plaintiff, CARLOS ALEJANDRO-PERAL, is a resident of New York County, New York.

7.    Plaintiff, MARCOS ALONSO REYES, is a resident of Queens County, New York.

8.    Defendant, MARIA PIA, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 319 West 51st Street, New York, New York 10019.

9.    Defendant, BKUK1, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 319 West 51st Street, New York, New York 10019.

10.    Defendant, BESIM KUKAJ, is the owner, shareholder, Chief Executive Officer, director, supervisor, managing agent, and proprietor of the Corporate Defendants, who actively participates in the day-to-day operation of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

11.    At all relevant times, defendant, MARCELLO COELLO, has been the supervisor and General Manager of MARIA PIA, who actively participates in the day-to-day operation of MARIA PIA and acted intentionally and maliciously and is an employer

pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with MARIA PIA.

12.    The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13.    At least within the three (3) most recent years, MARIA PIA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.    At least within the three (3) most recent years, BKUK1 was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15.    Defendants have continuously employed Plaintiff, GUSTAVO MANUEL LLIGUICHUZHCA, to work as a non-exempt food runner for Defendants' Italian

restaurant known as "Maria Pia," located at 319 West 51st Street, New York, New York (hereinafter, the "Restaurant") from in or about November 2013 through the present time.

16.     Defendants have continuously employed Plaintiff, CARLOS ALEJANDRO-PERAL, to work as a non-exempt busboy at the Restaurant from on or about January 5, 2016 through the present time.

17.     Defendants employed Plaintiff, MARCOS ALONSO REYES, to work as a non-exempt busboy and food delivery person at the Restaurant from in or about February 2014 until on or about August 1, 2014, and again from on or about November 9, 2016 through the present time.

18.     The work performed by Plaintiffs was and is directly essential to the business operated by Defendants.

19.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

20.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21.     Defendants knowingly and willfully failed to pay Plaintiff, GUSTAVO MANUEL LLIGUICHUZHCA, his lawfully earned "gap-time" wages in direct contravention of the New York Labor Law.

22.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

23.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

24.     Defendant BESIM KUKAJ hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

25.     Defendant BESIM KUKAJ hired defendant, MARCELLO COELLO, to work as the General Manager and supervisor of the Restaurant, and was one of Plaintiffs' direct supervisors.   Through authority granted to him by Mr. Kukaj, defendant MARCELLO COELLO, is primarily in charge of running the day to day operation of the Restaurant, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

26.     Defendant BESIM KUKAJ himself also actively participates in the day-to-day operation of the Restaurant.  For instance, Mr. Kukaj personally supervises and directs the work of the employees, including the managers who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

27.     Although defendant BESIM KUKAJ provides managers and supervisors with some authority to effectively run the day-to-day operations of the Restaurant, including the hiring and firing of employees, Mr. Kukaj creates, implements, and approves all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

28.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiffs and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

29.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

30.     The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

31.     In or about November 2013, Defendants hired Plaintiff, GUSTAVO MANUEL LLIGUICHUZHCA, to work as a non-exempt food runner at the Restaurant.

32.     Plaintiff continues to work for Defendants in that capacity at the present time.

33.     Plaintiff works over forty (40) hours per week.

34.     From the beginning of his employment and continuing through in or about June 2016, Plaintiff worked five (5) days per week, and his work schedule consisted of seven (7) hours on Tuesday from 4:00 p.m. until 11:00 p.m.; twelve (12) hours on Wednesday and Thursday from 11:00 a.m. until 11:00 p.m.; and eight (8) hours on Friday and Saturday from 4:00 p.m. until 12:00 a.m.

35.     Beginning in or about July 2016 and continuing through the present time, Plaintiff works five (5) days per week, and his work schedule consists of seven (7) hours on Tuesday, Wednesday, and Thursday from 4:00 p.m. until 11:00 p.m.; and eight (8) hours on Friday and Saturday from 4:00 p.m. until 12:00 a.m.

36.     From the beginning of his employment and continuing through in or about April 2014, Plaintiff was not paid proper minimum wages, "gap-time" wages, or overtime compensation. During this period, Plaintiff worked forty-seven (47) hours per week, but was not paid any wages by Defendants. Instead, Plaintiff was only paid through tips received by customers on a nightly basis. Work performed above forty (40) hours per week was also not paid at the statutory rate of time and one-half as required by state and federal law.

37.     During this period, Plaintiff was not required to punch a time clock.

38.     Beginning in or about May 2014 and continuing through in or about December 2014, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $50 per week straight time for all hours worked, and worked forty-seven (47) hours per week (for a regular rate of pay of $1.06 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     During this period, Plaintiff was not required to punch a time clock.

40.     Beginning in or about January 2015 and continuing through in or about February 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $250 per week straight time for all hours worked, and worked forty-seven (47) hours per week (for a regular rate of $5.32

8

per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41.    During this period, Plaintiff was required to punch a time clock for all hours worked.

42.    Beginning in or about March 2015, defendant MARCELLO COELLO, instructed Plaintiff to discontinue punching his time card once he reached forty (40) hours per week despite the fact that he was working in excess of forty (40) hours.

43.    Beginning in or about March 2015 and continuing through in or about December 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $100 per week straight time for all hours worked, and worked forty-seven (47) hours per week (for a regular rate of $2.13 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.    Beginning in or about January 2016, defendant MARCELLO COELLO, began punching Plaintiff's time card, and intentionally limited Plaintiff's time card to read approximately twenty (20) hours worked per week despite the fact that Plaintiff was working in excess of forty (40) hours.

45.    Beginning in or about January 2016 and continuing through in or about June 2016, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $100 per week straight time for all hours worked, and worked forty-seven (47) hours per week (for a regular rate of $2.13 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

46.     Beginning in or about July 2016 and continuing through the present time, Plaintiff is not being paid proper minimum wages. During this period, Plaintiff is being paid at the rate of $100 per week for all hours worked, and works thirty-seven (37) hours per week (for a regular rate of $2.70 per hour). Work performed above forty (40) hours per week is not being paid at the statutory rate of time and one-half as required by state and federal law.

47.     On or about January 5, 2016, Defendants hired Plaintiff, CARLOS ALEJANDRO-PERAL, to work as a non-exempt busboy at the Restaurant.

48.     Plaintiff continues to work for Defendants in that capacity at the present time.

49.     Plaintiff works over forty (40) hours per week.

50.     From the beginning of his employment and continuing through in or about June 2016, Plaintiff worked six (6) days per week, and his work schedule consisted of eight (8) hours on Sunday, Monday, and Thursday from 4:00 p.m. until 12:00 a.m.; eleven (11) hours on Wednesday from 11:00 a.m. until 10:00 p.m.; and nine (9) hours on Friday and Saturday from 4:00 p.m. until 1:00 a.m.

51.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid $100 per week straight time for all hours worked, and worked fifty-three (53) hours per week (for a regular rate of $1.87 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

52.     Beginning in or about July 2016 and continuing through the present time, Plaintiff works five (5) days per week, and his work schedule consists of eight (8) hours

10

on Sunday, Monday, and Thursday from 4:00 p.m. until 12:00 a.m.; and nine (9) hours on Friday and Saturday from 4:00 p.m. until 1:00 a.m.

53. Plaintiff was not and is not being paid proper minimum wages and overtime compensation. Plaintiff is being paid $100 per week straight time for all hours worked, and works forty-two (42) hours per week (for a regular rate of $2.38 per hour). Work performed above forty (40) hours per week is not being paid at the statutory rate of time and one-half as required by state and federal law.

54. Throughout the entirety of his employment, defendant MARCELLO COELLO has always personally punched Plaintiff's time card, and intentionally limits Plaintiff's time card to read approximately twenty (20) hours worked per week despite the fact that Plaintiff works in excess of forty (40) hours.

55. In or about February 2014, Defendants hired Plaintiff, MARCOS ALONSO REYES, to work as a non-exempt busboy and food delivery worker at the Restaurant.

56. Plaintiff worked for Defendants in those capacities until on or about August 1, 2014.

57. Defendants re-hired Plaintiff to work in those capacities on or about November 9, 2016.

58. Plaintiff continues to work for Defendants in those capacities at the present time.

59. Plaintiff works over forty (40) hours per week.

60. From the beginning of his employment and continuing through on or about August 1, 2014, Plaintiff worked six (6) days per week, and his work schedule

consisted of seven (7) hours on Sunday and Tuesday from 4:00 p.m. until 11:00 p.m.;

twelve (12) hours on Wednesday and Thursday from 11:00 a.m. until 11:00 p.m.; and

thirteen (13) hours on Friday and Saturday from 11:00 a.m. until 12:00 a.m.

61.     During this period, Plaintiff was not required to punch a time clock.

62.     During this period, Plaintiff was not paid proper minimum wages and

overtime compensation.  During this period, Plaintiff was paid $100 per week straight

time for all hours worked, and worked sixty-four (64) hours per week (for a regular rate

of $1.56 per hour).  Work performed above forty (40) hours per week was not paid at the

statutory rate of time and one-half as required by state and federal law.

63.     Upon being re-hired on or about November 9, 2016 and continuing

through the present time, Plaintiff works six (6) days per week, and his work schedule

consists of seven (7) hours on Monday from 4:00 p.m. until 11:00 p.m.; twelve (12) hours

on Wednesday and Thursday from 11:00 a.m. until 11:00 p.m.; thirteen (13) hours on

Friday and Sunday from 11:00 a.m. until 12:00 a.m.; and nine (9) hours on Saturday from

3:00 p.m. until 12:00 a.m.

64.     Since being re-hired, defendant MARCELLO COELLO personally

punches Plaintiff's time card, and intentionally limits Plaintiff's time card to read

approximately twenty (20) hours worked per week despite the fact that Plaintiff works in

excess of forty (40) hours.

65.     Since being re-hired, Plaintiff has not and is not being paid proper

minimum wages and overtime compensation.  Plaintiff is being paid $100 per week

straight time for all hours worked, and works sixty-six (66) hours per week (for a regular

rate of $1.52 per hour).  Work performed above forty (40) hours per week is not being paid at the statutory rate of time and one-half as required by state and federal law.

66.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiffs, that Defendants were taking a "tip credit," (ii) failed to provide proper wage statements informing tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment period, (iii) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, and (iv) caused their tipped employees to engage in non-tipped worked that exceeded 20% of their work shift, thereby rendering the "tip credit" inapplicable.

67.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

68.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

69.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff, GUSTAVO MANUEL LLIGUICHUZHCA, and other similarly situated employees "gap-time" wages for all hours worked up to forty (40) each week, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

70.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

71.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

72.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt tipped employees who have been or were employed by Defendants since January 10, 2014 (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

73.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit

14

that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

74.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

75.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

76.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

77.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.   Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

e.   Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.   Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

78.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

79.   Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

16

## CLASS ACTION ALLEGATIONS

80.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

81.     Plaintiffs bring their New York Labor Law claims on behalf of all tipped employees who were employed by Defendants at any time since January 10, 2011 (the "Class Period") who were non-exempt tipped employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, "gap-time" wages, overtime compensation, and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

82.     The persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

83.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

84.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

85.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

86.     Plaintiffs will fairly and adequately protect the interests of the NY Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

87.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

88.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

89.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.  Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.  Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants failed to pay Plaintiffs and the Class members statutory minimum wages;

e.  Whether the Defendants failed to pay Plaintiffs and the Class members "gap-time" wages;

f.  Whether the Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

g.  Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

h.  Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

     i.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

90.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "89" of this Complaint as if fully set forth herein.

91.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

92.    At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

93.    Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants, either jointly or separately, have had gross revenues in excess of $500,000.

94.    Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

95.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

96.     Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

97.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

98.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

99.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

100.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

101.    As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

102.   Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

103.   As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

104.   Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

105.   Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

106.   Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "105" of this Complaint as if fully set forth herein.

107.   Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

108.   Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

109.    Defendants knowingly and willfully violated the rights of Plaintiff, GUSTAVO MANUEL LLIGUICHUZHCA, and members of the Class by failing to pay them "gap-time" wages for all hours worked up to forty (40) each week.

110.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

111.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

112.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

113.    Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

114.    Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

115.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

23

employees, and other similar information in contravention of New York Labor Law §
661.

116.    Defendants failed to establish, maintain, and preserve for not less than six
(6) years payroll records showing the hours worked, gross wages, deductions, and net
wages for each employee, in contravention of the New York Labor Law § 194(4), and
New York State Department of Labor Regulations § 146-2.1.

117.    Neither at the time of their hiring, nor annually thereafter, did Defendants
notify Plaintiffs and the Class members of their rates of pay and their regularly
designated payday, in contravention of New York Labor Law § 195(1).

118.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the
Class members are entitled to recover from Defendants their unpaid minimum wages,
unpaid "gap-time" wages, unpaid overtime compensation, and unpaid "spread of hours"
premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant
to New York Labor Law §§ 663(1), 198.

119.    Plaintiffs and the Class members are also entitled to liquidated damages
pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated
damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**,    Plaintiffs    GUSTAVO    MANUEL    LLIGUICHUZHCA,
CARLOS ALEJANDRO-PERAL, and MARCOS ALONSO REYES, on behalf of
themselves and all similarly situated Collective Action Members and Class members,
respectfully request that this Court grant the following relief:

(a)   An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)   An award of unpaid "gap-time" wages due under the FLSA and New York Labor Law;

(c)   An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(d)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

(e)   An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)   An award of liquidated damages as a result of Defendants' failure to pay minimum wages, "gap-time" wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)   An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(h)   An award of prejudgment and post-judgment interest;

(i)   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(j)   Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
      January 10, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
      Giustino (Justin) Cilenti (GC2321)

26

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Gustavo Manuel Lliguichuzhca_ am an employee currently or

formerly employed by _Maria Pia_, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_12-22 — 1_ , 2016

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Carlos Alejandro-Peral____, am an employee currently or

formerly employed by Maria Pia_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____12- 22__, 2016

### CONSENT TO SUE UNDER
### FAIR LABOR STANDARDS ACT

I, ___Marcos Alonso Reyes___, am an employee currently or formerly employed by ___Maria Pia___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___12-27___, 2016

_MARCOS Alonso_